**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Brian Walter WEBER, Defendant—
Appellant.**

No. 05–30237.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 1, 2006.

Filed May 11, 2006.

Joshua A. Van De Wetering, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Palmer A. Hoovestal, Esq., Helena, MT, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Brian Walter Weber appeals his conviction following a jury trial for conspiracy to possess with intent to distribute methamphetamine, and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He contends that the district court erred in denying his motion to dismiss the indictment for outrageous government conduct and in denying his motion to compel the government to produce discovery. He further contends that the district court erred in denying his motion for a judgment of acquittal. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm the denial of the motion to dismiss for outrageous government conduct and the denial of the motion to produce discovery. We affirm Weber's conviction on Count Two, the distribution count, but reverse his conviction on Count One, the conspiracy count, and therefore remand for resentencing.

■ We reject Weber's contention that the government engaged in outrageous conduct by engineering the criminal enterprise. According to the testimony of Johnny Holmes, the confrontation with Weber occurred prior to Holmes' contact with law enforcement.[1] Thus, the government was not involved in bringing Weber into the search for the missing safe and cannot be said to have " 'engineer[ed] and direct[ed][the] criminal enterprise from start to finish.' " *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir.2003) (quoting *United States v. So*, 755 F.2d 1350, 1353 (9th Cir.1985)). Weber has failed to meet the high standard of showing that " 'gov-ernment conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed.' " *United States v. Holler*, 411 F.3d 1061, 1065 (9th Cir.2005) (quoting *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995)), *cert. denied*, —— U.S. ——, 126 S.Ct. 597, 163 L.Ed.2d 496 (2005).

■ We further conclude that the district court did not abuse its discretion in denying Weber's motion to produce discovery. *See United States v. Rivera–Relle*, 333 F.3d 914, 918 (9th Cir.2003) (stating that the district court's discovery rulings are reviewed for an abuse of discretion). He failed to show a need for the information regarding the identity of the confidential informants and also failed to establish that the informants had information that would have been relevant and helpful to his defense. *See United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (stating that, in order to obtain disclosure of an informant's identity, a defendant must show a need for the information and must demonstrate more than a mere suspicion that the informant has information that will be relevant and helpful to his defense or essential to a fair trial).

■ We reverse, however, Weber's conviction on the conspiracy count. The evidence incontrovertibly establishes that Weber participated in the search for the safe only under duress. The testimony of Tina Gibson, Johnny Holmes, and Dharma McRyhew reveals that Weber joined the search only after being threatened physically and by the theft of his motorcycle. Further, the testimony of all the witnesses consistently indicates that Weber's purposes were at odds with the others and that he wanted the safe for himself. Thus, we cannot conclude that Weber

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the complicated facts of this case, we do not recite them here except as necessary to aid in understanding this disposition.

"'embraced the common purpose of the conspiracy'" and that his "'own benefits depended on the success of the entire venture.'" *United States v. Daychild,* 357 F.3d 1082, 1097 (9th Cir.2004) (quoting *United States v. Umagat,* 998 F.2d 770, 772–73 (9th Cir.1993)). Even viewing the evidence in the light most favorable to the government, we conclude that the district court erred in denying Weber's motion for acquittal on the conspiracy count. *See United States v. Henderson,* 241 F.3d 638, 651 (9th Cir.2000) (reviewing the denial of a motion for acquittal de novo and stating that the evidence is considered in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt). We therefore reverse his conviction on Count One, the conspiracy count.[2]

The district court properly acknowledged the advisory nature of the sentencing guidelines, pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and considered the factors listed in 18 U.S.C. § 3553. Because we reverse the conspiracy count, however, we vacate the sentence and remand for resentencing as to Count Two. Further, on remand Count One shall be dismissed.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

2. In addition, the government has not argued on appeal that the conspiracy conviction should be upheld based on the sale of drugs by Gibson to Weber, instead relying solely on the safe as the basis for Weber's conspiracy conviction. Nor did the government argue this point to the district court in its response to Weber's motion for a judgment of acquittal. Gibson's testimony does, however, support the distribution conviction.